**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 14-4783**

─────────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ALEXANDER ROBBINS,

            Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.   Louise W. Flanagan, District Judge.   (7:14-cr-00025-FL-1)

─────────────

Submitted:  June 29, 2015              Decided:  August 5, 2015

─────────────

Before SHEDD, DIAZ, and THACKER, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, Eric J. Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alexander Robbins challenges the substantive reasonableness of the 71-month sentence imposed by the district court following his conviction, pursuant to a guilty plea, for knowingly possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). In imposing the sentence, the district court departed upward from the Sentencing Guidelines range, concluding that Robbins' criminal history category "substantially underrepresent[ed] the seriousness of [his] criminal history or the likelihood that [he] will commit other crimes." U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (2013). We affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). Where, as here, the defendant does not assert procedural sentencing error, we turn our attention to the substantive reasonableness of the sentence, "take[] into account the totality of the circumstances," id., at 51, and consider "whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a) [(2012)]," United States v. Gomez-Jimenez, 750 F.3d 370, 383 (4th Cir.) (internal quotation marks omitted), cert. denied, 135 S. Ct. 305 (2014), and cert. denied, 135 S. Ct. 384 (2014). "An appellate

2

court owes 'due deference' to a district court's assessment of the § 3553(a) factors, and mere disagreement with the sentence below is 'insufficient to justify reversal of the district court.'" United States v. Howard, 773 F.3d 519, 531 (4th Cir. 2014) (quoting Gall, 552 U.S. at 51); see id. at 529 n.8; see also Gall, 552 U.S. at 51-52.

Robbins first contends that the district court abused its discretion by upwardly departing under § 4A1.3, p.s., because his criminal history, though lengthy, primarily included misdemeanor convictions, not violent felonies or firearm offenses. We note, however, that Robbins' criminal history included numerous misdemeanor convictions for assaultive behavior and for crimes against property and a felony conviction for possession of a firearm as a felon — all of which received no criminal history points. Nothing in the language of § 4A1.3, p.s., prevented the district court from relying on these unscored convictions, and we conclude that it did not abuse its discretion by doing so.

Second, Robbins argues that his departure sentence creates unwarranted sentencing disparities between him and those who have been convicted under § 922(g)(1) and have received within-Guidelines sentences after being accorded the same total offense level and criminal history category as Robbins. On the contrary, we conclude that the Sentencing Commission's adoption

3

of the § 4A1.3, p.s., departure renders the resulting sentencing disparity between Robbins and his putative comparators warranted. See 18 U.S.C. § 3553(a)(6); cf. Gall, 552 U.S. at 54. Although a sentencing disparity based on a § 4A1.3, p.s., departure might be unwarranted if the departure is inappropriately applied, the imposition of the departure, by itself, cannot be grounds for concluding that the resulting disparity is unwarranted.

Next, Robbins contends that the district court's rationale for imposing its sentence was unreasonable because his criminal history shows he was predominantly a drug user and not in the habit of using firearms as part of his criminal conduct and that, therefore, he presented a danger to himself more than to the public. See 18 U.S.C. § 3553(a)(2)(C). Robbins' characterization of his criminal history is deeply flawed. As the district court noted, his convictions exhibit a pattern of assaulting others, injuring their property, and placing their safety at risk by his criminal disregard for motor vehicle regulations. His claim that he has generally, but not always, refrained from using a firearm while engaging in conduct that harms or endangers the public is largely irrelevant. In any event, the language of § 3553(a)(2)(C) does not limit the sentencing court's consideration to criminal conduct that violently harms the public, and the possession and use of

4

illicit drugs are by no means harmless to society. See Harmelin v. Michigan, 501 U.S. 957, 1002-03 (1991) (Kennedy, J., concurring).

Finally, Robbins contends that the district court's sentence was unreasonable because it relied on the need for deterrence when he, as a drug addict compelled to act irrationally, is not amenable to the deterrent effect of punishment. See 18 U.S.C. § 3553(a)(2)(B). We have found no case in which a court of appeals has concluded that deterrence is an inappropriate sentencing factor on the ground that the defendant is a drug addict, and Robbins points to none. Moreover, we note that Robbins' reasoning appears to be at odds with the conclusions reached by the Supreme Court in Powell v. Texas, 392 U.S. 514 (1968).

Because Robbins has offered no meritorious reason why we should not defer to the district court's judgment, we conclude that the sentence imposed on Robbins is substantively reasonable. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5